HALL, Judge.
This matter arises out of an agreement to purchase real estate. The delays fixed in the agreement for passage of the act of sale expired without the sale having been consummated and plaintiff, the prospective purchaser, brought suit for the return of his deposit together with a like sum as liquidated damages for defendants’ failure to comply with the agreement. In addition plaintiff prayed for $500.00 attorney’s fees and for $11.00 which he had expended in having the property appraised.
The Trial Court rendered judgment in favor of plaintiff ordering the return of the deposit, ordering the cancellation of the agreement, and ordering that the parties be returned to the status existing between them prior to the execution of the agreement. The judgment thus denied plaintiff’s demands for liquidated damages, for attorney’s fees and for the $11.00 appraisal fee. Plaintiff appealed. Defendants are satisfied with the judgment and we are informed the deposit has been returned to plaintiff.
The only matter before this Court is whether plaintiff is entitled to liquidated damages and the appraisal fee. The claim for attorney’s fees has apparently been abandoned by plaintiff.
The basic facts are not in dispute. On February 19, 1962, plaintiff executed a standard form purchase agreement offering to purchase a residence located at 1849 N. Gayoso Street in the city of New Orleans belonging to the defendant, Reuben J. Parks. Reuben J. Parks, being an incompetent ward of the Veterans Administration (See LSA-R.S. 29:351 et seq.) the offer *538 was accepted on his behalf by his wife, Hazel Reilly Parks, his duly qualified cura-trix. Following acceptance of his offer plaintiff deposited the sum of $1,300.00 with Pendarvis Real Estate Company, agent for the vendor. The agreement stated on its face that the offer was accepted by “(Mrs.) Hazel Parks, as curator (sic) of Reuben J. Parks” and that the sale was “subject to Court order.”
After accepting the offer on behalf of her ward Mrs. Parks contacted the proper representative of the Veterans Administration, advised him that she had signed the agreement, and requested that same be approved by the Veterans Administration so that she might proceed to obtain the necessary Court approval. This request was repeated by her on several occasions but the Veterans Administration never did grant its approval of the sale. Mrs. Parks testified that, lacking approval of the Veterans Administration, it was useless in her opinion to seek Court approval and that she did not do so. Meanwhile the delays for the passage of the act of sale expired without the sale having been consummated, and on September 25, 1962 plaintiff filed this suit.
The record reveals that on May 11, 1936 Reuben J. Parks was adjudged an “incompetent veteran” under the provisions of the Uniform Veterans Guardianship Law (LSA-R.S. 29:351 et seq.) and that his wife, Mrs. Hazel Reilly Parks, qualified as his curatrix. The record also reveals that the residence 1849 N. Gayoso Street, subject matter of the purchase agreement, was acquired by the curatrix under the provisions of LSA-R.S. 29:365 as a home for her ward with funds belonging to him.
The record further shows that Mrs. Parks, as curatrix,.wished to sell this home and reinvest the proceeds in another home for the veteran and that shortly after agreeing to sell the N. Gayoso Street property to plaintiff she signed an offer to purchase a residence at 534 Posey Street in Jefferson Parish. This offer to purchase was made through Pendarvis Real Estate Company,, the same agent which was handling the sale-of the N. Gayoso Street property. The offer was made contingent upon consummation of the sale to plaintiff and was signed: by Mrs. Parks in her official capacity as cur-atrix and was made “subject to Court order”.
It also appears that Pendarvis Real Estate Company delivered copies of both' agreements to the Veterans Administration and likewise sought their approval thereon but the approval was never given.
The Trial Judge denied plaintiff’s claim for penalties, holding that approval of the Veterans Administration and also approval: of the Court were conditions precedent to-the confection of the act of sale; that neither had been obtained; and that plaintiff had not placed defendants in default prior to the expiration of the time fixed in the contract for passage of the act of sale.
The Uniform Veterans Guardianship Act provides for the purchase of a home for a ward in the following language:
“Any curator or tutor appointed under this Part may purchase for his ward a home with the funds of the ward whenever the said purchase meets-with the approval of the interested, parties, the court of appointment, and the-veterans administration, provided that sufficient time be given the veterans-administration to investigate the property to be purchased.” (emphasis added). LSA-R.S. 29:365
The approval of both the Veterans Administration and the Court is thus a mandatory requirement of the purchase. However the act in none of its provisions specifically provides for the sale of a home. The lack of such a provision was noted by the Supreme Court in Curatorship of Parks (involving the same veteran) 210 La. 63, 26 So.2d 289, but the Court held that to deny the right of the curator to sell would defeat the intent and purpose of the Legisla *539 ture in adopting the act, and strongly intimated that the sale should be subject to the .same requirements as the purchase.
Although we feel that the sale of a ward’s home should be subject to the same ■requirements as its purchase we find no •necessity to decide as a matter of law that the approval of the Veterans Adminisfration was a condition precedent to the sale. However the approval of the Court was made a condition precedent by the terms of the contract.
It appears that the reason the Veterans .Administration did not approve (although lit did not formally disapprove) the sale of 1849 N. Gayoso Street was because it felt the reinvestment of the proceeds in the Jefferson property would result in a depletion of the veteran’s estate. Since the Veterans Administration unquestionably had the legal right to disapprove the reinvestment of the funds it is inconceivable that .any Court would have approved the sale of 1849 N. Gayoso Street under the circum■stances.
We are of the opinion that it would have been a vain and useless thing, .an idle gesture, for Mrs. Parks to have attempted to secure court approval for the •sale after she had tried and failed to obtain approval of the Veterans Administration.
The Trial Court found as a fact that plaintiff took no steps whatever to put the ■defendants in default and the record fully sustains such finding. Appellant apparently ■concedes this but argues that defendants ■actively breached the contract. The Trial Court found nothing in the record which would constitute an active breach of the contract on the part of defendants and neither do we.
We are of the opinion that since the sale of 1849 N. Gayoso Street was contingent ■on Mrs. Parks being able to obtain court approval, the contract became a nullity when it became evident that she could not obtain such approval. The secondary obligation for a penalty for failure to perform fell with the principal obligation and became unenforceable by plaintiff. See Richmond v. Kruschevski, 243 La. 777, 147 So.2d 212. We find no legal basis for charging defendants for the appraisal fee expended by plaintiff.
For the foregoing reasons the judgment appealed from is affirmed, costs of this appeal to be borne by appellant.
Affirmed.